**BIRCHMEIER & POWELL LLC**
COUNSELLORS AT LAW
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE NJ 08250-0582
(609) 628-3414
(609) 628-2966 (FAX)
info@birchmeierlaw.com
www.birchmeierlaw.com

JAMES R. BIRCHMEIER º*
ERIN R. THOMPSON
EDWARD N. ROMANIK
SANDRA A. SORANTINO

———————
DONALD A. POWELL
    RETIRED

º CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
*ALSO MEMBER PA. BAR

GLOUCESTER COUNTY OFFICE
70 EUCLID STREET
WOODBURY NJ 08096

OUR FILE NO.   13,767J                                       March 17, 2021                                       via electronic filing


Honorable Renee Marie Bumb, U.S.D.J.
**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza – 4th & Cooper Streets
Camden,  NJ   08101


Re:   **Sokunthea Sary v. Cape May County Police Department, et als
       Civil Action No.  1:20-cv-11110 (RMB/AMD)**


Dear Judge Bumb:

Our office represents defendants, Wildwood Police Department; North Wildwood Police Department; City of Wildwood; Middle Township; and Middle Township Police Department (hereinafter referred to as "defendants") in the above-captioned matter. On August 21, 2020, plaintiff filed her Complaint in the United States District Court, District of New Jersey. Defendants filed a Notice of Motion on December 29, 2020 to extend time to answer, move, or otherwise reply to plaintiff's Complaint. On December 30, 2020, the Court granted defendants motion for an extension of time to answer, move, or otherwise reply to plaintiff's Complaint, and ordered that the defendants file a response to plaintiff's Complaint within thirty (30) days of the date of this Order.

Defendants submitted a pre-motion letter in accordance with Your Honor's preferences, as defendants intended to file a motion to dismiss pursuant to F.R.C.P. 12(b)(6) (Doc. 17).  Since the submission of defendants' letter and upon the pre-motion letters filed by Co-defendants (Docs. 6 & 10) and plaintiff (Doc. 13), on January 12, 2021, the Court ordered that within thirty (30) days from the date of this Order, plaintiff shall file an Amended Complaint in this action.  On February 24, 2021, forty-two (42) days following the Court's Order, plaintiff filed a First Amended Complaint (Doc. 18) .  Plaintiff's First Amended Complaint basically reiterates the allegations and

-2-

single cause of action under 42 U.S.C. §1983 against the defendants, as well as the other co-defendants, that was contained in the plaintiff's initial Complaint. Since the defendants intend to file a Motion to Dismiss plaintiff's First Amended Complaint pursuant to F.R.C.P. 12(b)(6), defendants submit this Pre-Motion Letter in accordance with Your Honor's Civil Motion Practice Rules and Procedures.

In her First Amended Complaint, plaintiff alleged that when she resided in an apartment in Camden, New Jersey, an unknown stranger, identified as Michael W. Williams, knocked on her door and pretended that plaintiff had dropped mail. Williams then alleged to have sprayed plaintiff with pepper spray and shoved her into her apartment. Williams spent approximately five hours in the plaintiff's apartment, holding her hostage at knife point, while plaintiff was sexually assaulted and raped by Williams. The Complaint did not provide the date that plaintiff was assaulted.

Williams was arrested for kidnapping, rape, assault, and battery of the plaintiff, and plaintiff testified at Williams' trial. During the course of the trial, plaintiff discovered that Williams committed similar offenses to women prior to plaintiff's assault and rape incident. Plaintiff stated that "sometime around September 2018", plaintiff discovered that defendants were aware of Williams' danger to women, and that defendants had Williams in custody on similar charges. Defendants had knowledge that Williams posed a direct and proximate danger to women, but nonetheless, defendants released Williams. Defendants knowingly and recklessly created danger to the plaintiff by releasing Williams without restriction.

Plaintiff alleges 42 U.S.C. §1983 claims for violations of plaintiff's federal civil rights as a result of defendants' actions. The Complaint alleges 42 U.S.C. §1983 "Monell" claims and failure to properly train and supervise employees. Defendants deprived the plaintiff of rights secured by the 4th and 14th Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

The claims in the First Amended Complaint are barred by the applicable statute of limitations. On a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds, but "only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F. 3d 152, 157 (3d Cir. 2017). The statute of limitations dismissal must consider the applicability of tolling doctrines in an applicable case. Id. at 157-58. Section 1983 does not contain its own statute of limitations but borrows the limitations period from the law of the forum state. In New Jersey, Section 1983 claims are subject to the local two-year statute of limitations for personal injury claims. N.J.S.A. 2A: 14-2; Patrak v. Apgar, 511 Fed. Appx. 193, 195 (3d Cir. 2013). On its face, the First Amended Complaint alleges insufficient facts which could establish that the appropriate statute of limitations period in a 42 U.S.C. §1983 claim was met.

The First Amended Complaint alleges insufficient facts which could plausibly establish section 1983 municipal liability upon these defendants. A municipality may be held liable for a constitutional injury that occurred pursuant to a municipal "policy or custom." Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978); Estate of Roman v. City of Newark, 914 F. 3d 789, 798 (3d Cir. 2019). A §1983 claim under Monell of inadequate hiring, training, or supervision by the municipality involves demonstrating that a city's failure to train its employees

-3-

"reflects a deliberate or conscious choice." For claims involving police officers, the US Supreme Court has held that the failure to train "serves as a basis for §1983 liability only where it amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).

The First Amended Complaint improperly alleges claims against defendants, Wildwood Police Department, North Wildwood Police Department, and Middle Township Police Department, as well as the defendant municipalities. The Complaint improperly alleges claims against the Police Departments. Police Departments are city subdivisions, not separate entities. They cannot be sued. In §1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality and is not a separate judicial entity. Padilla v. Twp. of Cherry Hill, 110 F. Appx. 272, 278 (3d Cir. 2004).

Plaintiff's punitive damages claims against these defendants should also be dismissed. Smith v. Borough of Dunmore, 633 F. 3d 176, 183 (3d Cir. 2011).

Respectfully submitted,
**BIRCHMEIER & POWELL LLC**

JAMES R. BIRCHMEIER

JRB:amt
jbirchmeier@birchmeierlaw.com
cc:   Scott Diamond, Esquire/Samuel Wilson, Esquire
      Michael R. Sarno, DAG